UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAYMOND BURGOS,

Plaintiff,

DECISION AND ORDER

04-CV-6513L

v.

JOHN ALVES, M.D., et al.,

Defendants.

---

Plaintiff, Raymond Burgos, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants John Alves, M.D. and Jacob Piazza, M.D., both of whom at all relevant times were physicians employed by DOCS, violated his constitutional rights in connection with their treatment of a knee injury. Defendants have moved for summary judgment. For the reasons that follow, defendants' motion is granted.

**DISCUSSION**

Plaintiff alleges that: "he has been complaining to prison officials every [sic] since 1996 that he had major pain in his [right] knee," Dkt. #23 at 2; in November 2004, an MRI revealed that

plaintiff had a torn ligament and torn cartilage in his knee; and in March 2005 plaintiff underwent surgery on his knee. Up until the MRI, however, plaintiff alleges, defendants did little in response to his complaints of knee pain other than ordering x-rays (which did not reveal plaintiff's injury) and pain medication. Plaintiff alleges that defendants thereby violated his rights under the Eighth Amendment to the United States Constitution through their deliberate indifference to his serious medical needs. Plaintiff seeks $10 million in damages.

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain' ") (quoting *Chance*, 143 F.3d at 702).

Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting

*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (1997)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective component. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd,970* F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer

a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

Applying these standards here, I find that defendants are entitled to summary judgment. The record–including plaintiff's own admissions–amply demonstrates that plaintiff received treatment for his knee pain. He is simply dissatisfied with the level or type of treatment he received.

As plaintiff himself states, defendants ordered x-rays of his knee, the results of which appeared normal. Defendants also prescribed him muscle relaxants and pain medications. Eventually, when it became clear that the pain in plaintiff's knee was not subsiding, further tests were ordered, which led to surgery.

Even accepting the truth of plaintiff's allegations about the knee pain that he suffered, and viewing the evidence in the light most favorable to him, plaintiff cannot establish the "deliberate indifference" component of his Eighth Amendment claim. There is no evidence that defendants simply ignored his complaints, or that they deliberately allowed plaintiff to suffer. With the benefit of hindsight, plaintiff simply contends that they should have done more sooner.

At most, then, plaintiff's claim is that defendants acted negligently and did not take appropriate steps that he claims were necessary. I do not believe such a claim is supportable–it is hardly remarkable that a doctor would begin with a relatively conservative course of treatment before turning to other approaches–but even if it were, a claim for negligence or malpractice does not constitute a viable claim of a constitutional violation. Much more is required. There is no evidence of any kind that defendants were deliberately indifferent to plaintiff's medical condition, nor is there

any proof that they acted with a culpable state of mind or intended in some way to inflict pain on plaintiff. As stated earlier, mere negligence or medical malpractice does not give rise to a constitutional violation merely because the victim is a prisoner. *Estelle*, 429 U.S. at 106. Plaintiff's dissatisfaction with the care that he received is therefore not sufficient to state a viable § 1983 claim. *See Griswold v. Morgan*, 378 F.Supp.2d 328, 334 (W.D.N.Y. 2005).

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #15) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 15, 2006.